IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FRANCINE HAWKINS                                         PLAINTIFF

v.                         No. 4:21-cv-759-DPM

COUNSELING AND EDUCATION
CENTER, INC.; CITY OF HELENA-WEST
HELENA, ARKANSAS; KEVIN SMITH,
Individually and in His Official Capacity
as Mayor of Helena-West Helena,
Arkansas; PHILIPS COUNTY
DEVELOPMENT CENTER a/k/a PCDC;
and ARKANSAS DEPARTMENT OF
HUMAN SERVICES                                          DEFENDANTS

ORDER

1. Counseling and Education Center, Inc. operates under contract with the Arkansas Department of Human Services to provide foster care for children in Helena-West Helena. Francine Hawkins worked for the Center as a foster parent. In this case, among other claims against other defendants, she alleges that the Center fired her because she is transgender. In addition to her claims against the Center, she presses claims against the Department of Human Services under Title VII and 42 U.S.C. § 1983. Hawkins says the Department employed her, and discriminated against her, and is therefore a proper Title VII and § 1983 defendant. The Department argues, for various reasons, that Hawkins's claims against it should be dismissed. The

Court takes Hawkins's factual allegations as true and makes all inferences in her favor. *Jones v. Douglas County Sheriff's Department*, 915 F.3d 498, 499 (8th Cir. 2019).

2. Hawkins has not plausibly alleged that the Department was her employer. She evidently views the Department as a parent of the Center by reason of the contract between those parties. Nothing in Hawkins's amended complaint supports that inference. Even if parent liability under Title VII could apply to a state agency's general oversight of a private contractor, it would not apply on the facts alleged here. Hawkins hasn't pleaded any facts showing the Department's involvement with the Center's operations, management, labor relations, or financial considerations. *Sandoval v. American Building Maintenance Industries, Inc.*, 578 F.3d 787, 796 (8th Cir. 2009). Hawkins's Title VII claim against the Department will therefore be dismissed.

3. In addition, Hawkins has not plausibly alleged any state action related to her firing. A state agency doesn't act simply because its contractors do. *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982). That's true even where the contractor's sole purpose is to perform the public contract. *Ibid.* Hawkins hasn't plausibly alleged coercion by the Department or a close enough connection between the Center's decision and the Department for the Court to infer that the Department had a hand in, or any control over, her firing. *Brentwood Academy v.*

*Tennessee Secondary School Athletic Association*, 531 U.S. 288, 295–96 (2001). Hawkins's equal protection claim against the Department, made under § 1983, will also be dismissed.

\* \* \*

The Department's motion, *Doc. 20*, is granted. Hawkins's claims against the Department are dismissed without prejudice.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

1 April 2022