IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FRANCINE HAWKINS                                                        PLAINTIFF

v.                           No. 4:21-cv-759-DPM

COUNSELING AND EDUCATION
CENTER, INC.; CITY OF HELENA-WEST
HELENA, ARKANSAS; KEVIN SMITH,
Individually and in His Official Capacity
as Mayor of Helena-West Helena,
Arkansas; and PHILLIPS COUNTY
DEVELOPMENT CENTER a/k/a PCDC                          DEFENDANTS

ORDER

1.   Hawkins worked for the Phillips County Developmental Center as a social worker until October 2019. She alleges the Developmental Center fired her because she is transgender. Around the time she was fired, Hawkins overheard an employee of the Developmental Center make disparaging remarks about her lifestyle and her suitability to work with children. She presses claims against the Developmental Center for sexual discrimination under Title VII and, at least by consent of the interested parties, defamation under Arkansas law. Hawkins concedes any Fourth Amendment or false arrest claim against this non-state entity. The Developmental Center moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure or for summary judgment. Its motion, in part, involves

materials beyond the pleadings.  The Court will consider each claim in turn.

2.   The Developmental Center argues for dismissal of Hawkins's Title VII claim for lack of exhaustion.  The Court takes Hawkins's factual allegations as true and makes all reasonable inferences in her favor.  *Jones v. Douglas County Sheriff's Department*, 915 F.3d 498, 499 (8th Cir. 2019).  The charge and right to sue letter are public records embraced by the amended complaint.  *Blakely v. Schlumberger Technology Corp.*, 648 F.3d 921, 931 (8th Cir. 2011). Hawkins offers her EEOC papers in response to the Developmental Center's motion.  *Doc. 29–2.*  Her charge does not mention the Developmental Center.  Absent substantial identity between the charged entity and the Developmental Center, Hawkins's failure to name the Developmental Center as a discriminating entity in her charge means that she has failed to exhaust any claim that she may have had against it.  *Sedlacek v. Hach*, 752 F.2d 333, 336 (8th Cir. 1985). Nothing in Hawkins's amended complaint, nor anything of public record, suggests that the Developmental Center has any connection to Family Counseling Center, Inc. — the charged entity.

Hawkins explains the omission:  the EEOC's COVID-19-related telephone procedures resulted in a miscommunication.  She says she named the correct discriminating entities in her call and the EEOC mistakenly put the wrong entity in the charge.  *Doc. 30 at 2.*  Any

mistake attributable to the EEOC in drafting the charge, however, should have been readily apparent to Hawkins when she received her right to sue letter on or shortly after 21 November 2019. *Doc. 29–2 at 1.* It was therefore within her control to file an additional charge naming the correct entity within the time she had remaining under the statute. In the circumstances, equitable tolling is not appropriate. *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989).

The parties seem to agree that Arkansas has a state or local agency with the authority to grant or seek relief from unlawful employment practices. It does not. *Burkhart v. American Railcar Industries, Inc.*, 603 F.3d 472, 476 n.2 (8th Cir. 2010). Hawkins had 180 days after any alleged discriminatory act to file her charge. 42 U.S.C. § 2000e-5(e)(1). The Developmental Center's motion to dismiss gave Hawkins notice about the exhaustion defense. She responded with her EEOC paperwork. But Hawkins has not made any showing of exhaustion other than her unrelated charge from October 2019. Her Title VII claim based on her 2019 firing from the Developmental Center is time barred. *Diaz v. Swift-Eckrich, Inc.*, 318 F.3d 796, 798 (8th Cir. 2003). Her claim will therefore be dismissed with prejudice.

3. In what appears to be an abundance of caution, the Developmental Center construes Hawkins's complaint as pressing a claim for defamation by slander against it. This claim, though, runs

against other parties. In any event, taking all disputed facts and making all reasonable inferences in Hawkins's favor, *McElree v. City of Cedar Rapids*, 983 F.3d 1009, 1014–15 (8th Cir. 2020), there are no issues for trial. Even if pleaded or if the Court granted Hawkins leave to amend her complaint, a defamation claim would be futile because it would be time barred. ARK. CODE ANN. § 16-56-104(3) & (4). Hawkins does not dispute that the allegedly slanderous comments were made on 4 October 2019, more than a year before she filed this case. And no basis equitable tolling exists.

\* \* \*

Phillips County Developmental Center's motion, *Doc. 26*, is granted. Hawkins's claims against the Developmental Center are dismissed with prejudice.

So Ordered.

*signature*
D.P. Marshall Jr.
United States District Judge

23 May 2022