IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FRANCINE HAWKINS                                PLAINTIFF

v.                  No. 4:21-cv-759-DPM

COUNSELING AND EDUCATION
CENTER, INC.; CITY OF HELENA-WEST
HELENA, ARKANSAS; and KEVIN
SMITH, Individually and in His Official
Capacity as Mayor of Helena-West
Helena, Arkansas                              DEFENDANTS

ORDER

1. **Background.** Francine Hawkins, who is transgender, had her foster children removed from her home in Helena West-Helena in July 2019. She has sued Counseling and Education Center, the City of Helena-West Helena, and former Mayor Kevin Smith. She brings various federal and state law claims. The Court takes the material facts, where genuinely disputed, in Hawkins's favor. *Oglesby v. Lesan*, 929 F.3d 526, 532 (8th Cir. 2019).

Hawkins received foster children through the Center from 2014 to 2019. In June 2019, Hawkins accompanied her son to an interview with Helena police in connection with a murder investigation. At the end of the interview, Hawkins's son asked to speak with her. After doing so he fled the police station. Accounts differ about what happened next. The officers conducting the interview said that

Hawkins intentionally blocked the door so they couldn't try to catch her son. Hawkins says she never stood in the doorway. In due course, and after a probable cause hearing, a state district judge issued two arrest warrants for her: one for hindering apprehension or prosecution, and another for obstructing governmental operations. She was arrested in early July 2019. All the charges were eventually dropped.

Hawkins's son was arrested in mid-July 2019. The police department issued a press release, which included information about the charges against Hawkins. Mayor Smith posted the text of the press release on his official Facebook page the next day. It said:

> On the morning of July 16, 2019, Tunica County Sheriff Deputies apprehended Dashon Hawkins at Fitzgerald Casino in Tunica, MS. Dashon Hawkins, 26, was accompanied by his girlfriend, Erica Williams, 36, and two other females. Dashon Hawkins was wanted for the murder of Lapatrick Otis, which occurred on June 21, 2019. Hawkins was charged with Murder in the First Degree and Terroristic Act. His bond was set at $1,500,000. He is being housed at Monroe County Jail. Williams was charged with Hindering Apprehension or Prosecution and Obstructing Governmental Operations. Her bond was set at $15,000. The other two females were not charged.
>
> On June 21, 2019, at approximately 1:40 pm, Helena-West Helena Police officers responded to a call on 501 Elm Street in Helena regarding shots fired. When officers arrived, they found LaPatrick Otis in the driver's seat of a gold Lincoln towncar. Otis had an apparent gunshot wound in the right

> rear of his head. Otis was transported to Regional One Medical Center in Memphis, but later succumbed to his injuries. Bystanders identified Dashon Hawkins as the person who shot Otis.
>
> On June 25, 2019, Dashon Hawkins came to the Helena-West Helena Police Department along with his mother, Francine Hawkins. During a video recorded interview, Hawkins asked to speak with his mother. While doing so, Hawkins fled the office while his mother attempted to delay investigators from chasing him. Francine Hawkins also faces charges of Hindering Apprehension or Prosecution and Obstructing Governmental Operations.

*Doc. 59-1 at 100.* Hawkins says that the Center then told her that she was being terminated as a foster parent and that her foster children were to be removed on 18 July 2019. She says that the children were removed because of Mayor Smith's Facebook post and because of her transgender status.

Hawkins contends that the Center's removal of the foster children from her home was sex discrimination. She also brings an equal protection claim, a Fourth Amendment claim for unlawful detention and false arrest, and a defamation claim against the City and Mayor Smith. All the defendants seek summary judgment.

There is some suggestion in the amended complaint that Hawkins brings the Title VII sex discrimination claim, which was based on her foster childrens' removal, against the City and Mayor Smith, too. But she testified on deposition that she didn't intend to

make that claim against either of these defendants. *Doc. 59-1 at 30; Doc. 72 at 13.* And she didn't respond to the request for summary judgment on it. *Doc. 70 & 71.* The Court therefore holds that she has abandoned any such claim. *Whittington v. Tyson Foods, Inc.*, 21 F.4th 997, 1002 n.4 (8th Cir. 2021).

2. **Title VII Claim Against the Center.** The Center is entitled to summary judgment on Hawkins's Title VII claim for sex discrimination. She argues that the Center was her employer as defined under Title VII. 42 U.S.C. § 2000e(b); *Schwieger v. Farm Bureau Insurance Co. of Nebraska*, 207 F.3d 480, 483-84 (8th Cir. 2000). The Court notes that it stated in a previous Order on a motion to dismiss that "Hawkins worked for the Center as a foster parent." *Doc. 41 at 1.* That factual statement has turned out to be wrong. Hawkins hasn't provided proof contrary to the Center's proof that it had less than five employees during the relevant time period and that she wasn't one of them. *Compare Doc. 64-1 at 2 and Doc. 64-2 at 1 with Doc. 67 at 2.* She worked with the Center as a foster parent. This record is too thin to support a reasonable fact finder in concluding that the Center was Hawkins's employer within the meaning of Title VII.

3. **Equal Protection Claim Against the City and Mayor Smith.** There's no genuine issue for trial on the equal protection claim against the City and Mayor Smith. Hawkins hasn't shown that she was treated differently than any similarly situated foster parent. *Barstad v.*

*Murray County*, 420 F.3d 880, 884 (8th Cir. 2005). And she hasn't offered proof that the City or Mayor Smith was involved, other than indirectly through the Mayor's post on his official Facebook page, in the removal of the foster children from her home. Mayor Smith is entitled to qualified immunity on this claim because Hawkins's equal protection claim fails on the merits.

4. **Fourth Amendment Claims Against the City and Mayor Smith.** The City and Mayor Smith are entitled to summary judgment on Hawkins's Fourth Amendment claims, too. She argues that the arrest warrants were based on false information. The officer that arrested Hawkins had probable cause to do so based on two lawful arrest warrants. *Doc. 73-1 at 6-7*. But even if a constitutional violation occurred, Hawkins hasn't shown that a Helena-West Helena policy or custom caused it. *Furlow v. Belmar*, 52 F.4th 393, 406 (8th Cir. 2022). She also argues that because the charges against her were dropped, the arrest warrants shouldn't have been issued. But that later development doesn't make her prior arrest unlawful. *Joseph v. Allen*, 712 F.3d 1222, 1226 (8th Cir. 2013). And she doesn't allege that Mayor Smith was involved in her arrest.

\* \* \*

Motions for summary judgment, *Doc. 59 & 63*, granted. Hawkins's abandoned Title VII claim against the City and Mayor Smith will be dismissed without prejudice. Her remaining federal

claims will be dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over Hawkins's defamation claim under Arkansas law. It will be dismissed without prejudice. 28 U.S.C. § 1367(c); *Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1016-17 (8th Cir. 2015). Motion *in limine*, Doc. 75, denied as moot.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

17 October 2023